UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-00282-FL

THOMPSON AUTOMOTIVE LABS, LLC )
)
         Plaintiff, )    **PROTECTIVE**
) **ORDER FOR THE PROTECTION**
v. ) **OF CONFIDENTIAL**
) **INFORMATION**
ILLINOIS TOOL WORKS INC. )
)
         Defendant. )
                                      )

WHEREAS, in the course of pre-trial discovery relating to the claims and defenses in this case, disclosure may be sought of technical, marketing, actual or prospective vendors or customers, personnel, pricing, margins, financial and other business information (collectively "Confidential Information") that contains highly confidential, trade secret or other proprietary information of the parties and non-parties, which the parties or non-parties have taken reasonable steps to maintain as confidential prior to this litigation;

WHEREAS, the parties agree that the disclosures that the parties may request during discovery in this case identified above may contain Confidential Information, the disclosure of which the parties believe could substantially injure the disclosing party and/or provide a significant competitive advantage for competitors of the disclosing party, potentially including the non-disclosing party;

WHEREAS, to expedite the flow of pre-trial discovery materials, protect the confidentiality of the Confidential Information, ensure that protection is afforded only to materials so entitled, facilitate the prompt resolution of disputes over confidentiality, and eliminate the need for repeated requests that the Court become directly involved in the discovery process;

1

NOW THEREFORE, pursuant to Rule 26 of the Federal Rules of Civil Procedure, IT IS HEREBY ORDRERED that this Order for the Protection of Confidential Information ("Protective Order") shall govern the handling of all information, testimony, things or documents filed with the Court or produced or given (either by a party or non-party) as part of discovery in this action ("Covered Matter"). This Protective Order permits the parties, and non-parties, to designate certain material as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter collectively referred to as "Confidential Material"). The party or non-party that makes such a designation shall hereafter be referred to as a "Designating Party." The party or non-party producing documents in this litigation shall hereafter be referred to as a "Producing Party." The party or non-party that receives documents produced in this litigation shall hereafter be referred to as a "Receiving Party."

## I. DESIGNATION OF DOCUMENTS

1. **CONFIDENTIAL Designation.** A party or non-party may designate as "CONFIDENTIAL" any non-public Covered Matter when such materials contain Confidential Information or information qualifying for protection under Rule 26(c)(1) of the Federal Rules of Civil Procedure.

2. **CONFIDENTIAL – ATTORNEYS' EYES ONLY Designation.** A party or non-party may designate as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" that portion of any Covered Matter that is or contains, reflects or otherwise discloses a trade secret or other highly confidential information, such as: structure and operation of the products at issue; licenses and business relationships with third-parties; detailed product cost, sales, pricing and profitability information; technical know-how, formulae, processes, designs, passwords, and source codes; future product development plans; strategic marketing, research, design, engineering, manufacturing and development information; personnel information; or other confidential information which, if disclosed to another party or non-party, would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3. **Good Faith Determination.** Prior to designating any Covered Matter as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Protective Order, counsel for the Designating Party shall:

    a) make a good faith particularized determination that the particular protection is warranted under Federal Rule of Civil Procedure 26(c); and

    b) make a good faith particularized determination that the disclosure directly to the opposing party or its employees will create a substantial risk of serious harm to the Designating Party, and that there is no less restrictive way to prevent such harm other than through the use of designations as set forth herein.

4. **Use of Designations.** The parties shall use the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation only as appropriate.

## II. LIMITATIONS ON USE AND DISCLOSURE OF COVERED MATTER

1. **Designation and Marking Confidential Material.** Parties, non-parties, and their counsel shall designate CONFIDENTIAL and CONFIDENTIAL – ATTORNEYS' EYES ONLY material as follows:

    a) In the case of documents or other tangible materials that are produced as part of discovery or are responsive to any discovery request, which includes, but is not limited to, responses to interrogatories, requests for production of documents, subpoenas for the production of documents and requests for admission, and any attachments or exhibits to any of the foregoing documents referenced in this provision, such documents shall be stamped or otherwise labeled: "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY";

    b) In the case of materials produced in the form of electronic or magnetic media (including information, files, databases, or programs stored on any digital analog machine-readable device, computers, discs, networks, or tapes), such materials may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" by identifying specific electronically stored information if possible, or if not possible, by cover

letter referring generally to such matter and by affixing (where possible) a label on the media or casing indicating such designation or by placing the designation in a suitably revised file name.

2. In the case of depositions, counsel for a party or non-party may designate portions of the transcript (including exhibits) as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the deposition by (1) making a statement to that effect on the record; or (2) by written notice, sent by counsel to all parties within fourteen (14) calendar days after receiving a copy of the final transcript thereof; and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information. All deposition and other pretrial testimony shall be deemed to be CONFIDENTIAL – ATTORNEYS' EYES ONLY information until the expiration of fourteen (14) calendar days after counsel receives a copy of the final transcript thereof, after which time the transcript shall be treated as actually designated. The parties and any non-party may modify this procedure for any particular deposition, through agreement on the record at such deposition or otherwise, without further order of the Court.

3. **Disclosure of Confidential Material at Deposition.** During any deposition taken in this action at which Confidential Material is disclosed or discussed, any party or non-party may exclude from attendance at the deposition during such disclosure or discussion any person other than the deponent, court reporter, videographer and persons to whom the information and/or documents may be disclosed under the terms of this Protective Order.

4. **Challenging Designation of Confidential Material.** A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge. A party may challenge the designation of Confidential Material only as follows:

a) If at any time any party disagrees with a designation of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, that person shall provide written or e-mail notice of its disagreement to the Designating Party. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall make a good faith effort to resolve the dispute by conferring directly within seven (7) calendar days of the date of service of notice. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

b) If the dispute cannot be informally resolved within five (5) calendar days following written notice by the challenging party, the challenging party may file and serve a motion to remove or modify the designation or may request other appropriate relief from the Court. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled pursuant to the Designating Party's designation until the Court rules on the challenge. The challenging party is not obligated to seek immediate relief from the Court and any delay in seeking relief shall not in any way preclude a party from subsequently challenging any such designation.

5. **Use of Confidential Material.** Each party and all persons bound by the terms of this Protective Order shall use Confidential Material only in connection with the prosecution or defense of this action, except by written consent of the Designating Party or by order of the Court. CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES' ONLY information and/or documents may be disclosed or released only to those persons entitled to receive such information and/or documents under this Protective Order.

a) **Inadvertent Misdesignation or Failure to Designate.** Documents will be treated in accordance with their designation under this Protective Order. However, failure of a party or non-party to properly designate material CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be deemed or construed to constitute an admission that such material is not confidential or deserving of the protections provided for under this Order. If a party or non-party discovers that it has inadvertently failed properly to designate material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY, such party or non-party may promptly designate the material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY. The parties agree to treat such newly designated or re-designated Confidential Material in accordance with its modified confidentiality designation absent a successful challenge to the designation.

b) **Inadvertent Disclosure of Privileged Materials.** If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity. If at any time the Producing Party notifies the Receiving Party in writing that it has inadvertently or unintentionally produced information protected from disclosure under any applicable privilege, doctrine, right, or immunity, the Receiving Party shall immediately refrain from examining the materials and shall destroy or return to the Producing Party all copies of such documents and/or things, including all copies stored on any electronic database or media within five (5) calendar days of receipt of such notice and shall not further disclose or use such items for any purpose until any further order of the Court. If a Receiving Party discovers materials that bear a legend or other marking indicating that the materials are subject to an attorney-client privilege, work product protection or other privilege or immunity, the Receiving Party must refrain from examining the materials, and shall immediately notify the Producing Party in writing that he or she possesses material that appears to be privileged. Within ten (10) calendar

6

Case 5:15-cv-00282-FL   Document 66   Filed 10/03/16   Page 6 of 17

days of the original notice, the Producing Party shall provide: (i) in the case of an inadvertently produced document that the Producing Party believes is subject to any applicable privilege, doctrine, right, or immunity, a privilege log identifying such document; and (ii) for an inadvertently produced document that requires redaction only, a redacted version of the document. The return of any discovery item shall not preclude the Receiving Party from moving the Court for a ruling based on information independent of the content of the asserted privileged material that either the document was never privileged or otherwise immune from disclosure and/or that any applicable privilege or immunity has been waived on grounds other than the inadvertent or unintentional disclosure in this litigation. Unless and until the Court rules in favor of the Receiving Party on such motion, the Receiving Party shall not use or refer to the asserted privileged information or material, including in deposition or at trial, or in any Court filing.

6. **Use of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY Material.**

a) Information designated as CONFIDENTIAL may be disclosed only to the following persons:

1. The outside attorneys of record and corporate in-house attorneys that represent the parties in this action, and any paralegal, stenographic, and clerical employees working under the direct supervision of such attorneys, provided, however, that no person who is a party or a director, officer, managing agent, or other employee of a party may be retained as a paralegal, stenographic, or clerical employee within the meaning of this paragraph;

2. Ten (10) business people for each of the parties who have been previously identified and consented to by the Producing Party (including the following former employees, to which the parties have previously consented; for Illinois Tool Works Inc.: David Prange, William Crowe, and Mark Hischier; and for Thompson Automotive Labs, LLC: John Thompson, Eric Horlbeck, and Art Mealer; additional former employees may be added by either party by written agreement of the parties without the need to modify this order), provided that

paragraphs 7, 9, 10, and 13 of this Protective Order are complied with;

    3. Experts (including consultants, investigators, and jury research and analysis consultants) retained by any party or counsel to any party to assist in this action, but only to the extent necessary to perform such work and provided that paragraphs 7, 9, 10, and 13 of this Protective Order are complied with;

    4. Personnel of third party vendors engaged by a party or by counsel for a party to assist counsel in (i) the copying, coding, imaging or other management of documents produced in discovery in this litigation or of associated databases or (ii) in the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial;

    5. Court reporters and videographers retained by any party to record a deposition in the case;

    6. Any mediator who is assigned or retained by the parties to mediate the matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree required by this Protective Order; and

    7. The Court, Court personnel, and court reporters in connection with this action.

   b) Information designated as CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to the following persons:

    1. The outside attorneys of record and corporate in-house attorneys that represent the parties in this action, and any paralegal, stenographic, and clerical employees working under the direct supervision of such attorneys, provided, however, that no person who is a party or a director, officer, managing agent, or other employee of a party may be retained as a paralegal, stenographic, or clerical employee within the meaning of this paragraph;

    2. Experts (including consultants, investigators, and jury research and analysis consultants) retained by any party or counsel to any party to assist in this action, but only to the extent necessary to perform such work and provided that paragraphs 7, 9, 10, and 13

of this Protective Order are complied with;

       3.     Personnel of third party vendors engaged by a party or by counsel for a party to assist counsel in (i) the copying, coding, imaging or other management of documents produced in discovery in this litigation or of associated databases or (ii) in the preparation of demonstrative exhibits or other visual aids for presentation at a hearing or trial;

       4.     Court reporters and videographers retained by any party to record a deposition in the case;

       5.     Any mediator who is assigned or retained by the parties to mediate the matter, and his or her staff, subject to their agreement to maintain confidentiality to at least the same degree required by this Protective Order; and

       6.     The Court, Court personnel, and court reporters in connection with this action.

       7.     **Clearance of Consultants and Experts to Receive Confidential Materials.**

       a)     For each expert (including consultants and investigators, but not including jury research and jury analysis consultants) to whom any party desires to disclose CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents, such party must first identify in writing to the attorneys for the Designating Party the following information: the expert's full name, professional address, educational background, all present employment and consultancies, the expert's curriculum vitae, which shall include a list of prior publications, all prior full-time employment and consultancies within the last four years, any previous or current relationship (personal or professional) with any of the parties or with any of the witnesses identified in the parties' initial disclosures, and a list of all cases in which the expert or consultant has testified at a deposition or in a tribunal within the last six years. The party shall also include a copy of the proposed expert or consultant's signed ACKNOWLEDGEMENT in the form attached to this Protective Order indicating that the expert has read and agreed to be bound by the terms of this Protective Order.

b) Counsel for the Designating Party shall have seven (7) calendar days from receipt of such notice and ACKNOWLEDGEMENT to object to disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents to such expert. Any and all such objections must be made in writing with all such grounds stated with specificity. The parties shall attempt to resolve such objections informally. If any objection cannot be resolved within seven (7) calendar days after notice by the objecting party, the party seeking to disclose the CONFIDENIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents to the expert may move the Court for an order allowing the disclosure. In the event that an objection is made and not resolved between and among the parties, disclosure of the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents shall not be made except by order of the Court (or to any limited extent upon which the parties may agree).

c) Each expert or consultant must sign a copy of the ACKNOWLEDGEMENT attached to this Protective Order indicating that they have read and agree to be bound by the terms of this Protective Order.

8. **Consultations with Client Concerning Another Party's or a Non-Party's Confidential Material.** It is understood that counsel for a party may give advice and opinions to his or her client based on his or her evaluation of Confidential Material received by the party, provided that such rendering of advice and opinions shall not reveal the content of Confidential Material to which the recipient of advice or opinions is not otherwise entitled, except by prior written agreement with counsel for the Designating Party.

9. **Records of Persons with Access to Confidential Materials and Use Limits.** Except for the outside attorneys of record and corporate in-house attorneys that represent the parties in this action, and any paralegal, stenographic, and clerical employees working under the direct supervision of such attorneys; and the Court, Court personnel, and court reporters in connection with this action, the persons described in paragraph 6 shall be allowed access to the

Confidential Material only after they have read this Protective Order and signed a copy of the attached ACKNOWLEDGEMENT. The undersigned counsel shall maintain a list of persons to whom Confidential Material is disclosed, and such list shall be available for inspection by the Court. The persons receiving Confidential Material are enjoined from disclosing it to any other person, except as permitted by this Protective Order, and are further enjoined from using such material for any purpose other than the prosecution or defense of this action, except by consent of the Designating Party or by order of the Court.

10. **Submission to Court's Jurisdiction.** Each individual who receives any Confidential Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings relating to performance under, compliance with, or violation of this Protective Order.

11. **Submission of Confidential Material to the Court.** A party seeking to submit documents or information to the Court which have been designated as Confidential Material shall comply with Local Civil Rule 79.2 and Section T.1(a) of the Electronic Case Filing Administrative Policies and Procedures Manual adopted by this Court (the "ECF Manual"). Any request to file under seal confidential documents, things and/or information shall follow the procedures set forth in *Stone v. University of Maryland,* 855 F.2d 178, 180-81 (4th Cir. 1988). Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying: (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to

11

the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court. Where a party chooses not to seek an order sealing documents or information submitted to the Court containing its own Confidential Material within the time set forth in Section T.1(a) of the ECF Manual and the documents or information are thereupon deemed unsealed, the material will no longer qualify for protection and subsequent treatment as Confidential Material under this Protective Order.

12. **Use of Confidential Materials During Court Proceedings.** In the event that any Confidential Material is used in any Court pre-trial proceeding in this litigation (including but not limited to conferences, oral arguments, or hearings), the Confidential Material shall not thereby lose its status as Confidential Material through such use, and the party using the Confidential Material in such pre-trial proceeding shall take all steps reasonably required to protect the confidentiality of the Confidential Material during such use, including, but not limited to, requesting *in camera* proceedings. The parties agree to meet and confer in good faith prior to trial to establish procedures for the use of Confidential Material at trial.

13. **Protecting Confidential Material.** Any person who receives any Confidential Material shall maintain such material in a secure and safe manner and shall exercise due and proper care with respect to the storage, custody, use, and/or dissemination of such material.

14. **Improper Disclosure of Confidential Materials.** If any Confidential Material is disclosed to any person other than in a manner authorized by this Protective Order, the party responsible for the disclosure or knowledgeable of such disclosure, upon discovery of the disclosure, shall immediately inform the Designating Party of all facts pertinent to the disclosure that, after due diligence and prompt investigation, are known to the party responsible for the disclosure or knowledgeable of the disclosure (including the name, address and employer of the person to whom the disclosure was made), and shall immediately make all reasonable efforts to prevent further disclosure by each unauthorized person who received such information.

15. **Non-Restricted Uses of Covered Matter.** Nothing in this Protective Order shall preclude a party or its attorneys from:

a) Showing information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY that is or becomes publicly known through no fault or act of such party;

b) Showing information designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY that such party rightfully received from a third party that has authority to provide such information without restriction as to disclosure;

c) Showing a document designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to an individual identified as an author or recipient of the document or by sworn testimony as having prepared, received or reviewed the document prior to the filing of this lawsuit;

d) Showing a document designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY produced in discovery by a Designating Party to a director, officer, managing agent or employee of the Designating Party during the questioning of such person in a deposition, hearing or trial in this litigation;

e) Using or disclosing, in any manner or for any purpose, any information or documents legally obtained other than through discovery in this action, even though the same information or documents may have been produced in discovery in this litigation and designated CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY; or

f) Disclosing or using for any purpose any information or documents from the party's own files which the party itself has designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

16. **Production of Protected Material.** In the event that information in the possession or control of a party involves the confidentiality rights of a non-party or its disclosure would violate a Protective Order issued in another action, the party with possession or control of

13

the information will in good faith attempt to obtain the consent of the non-party to disclose the information under this Order. If the non-party objects to such production, then either the party in possession or control of the information or the non-party may seek a protective order from this Court, and no production of the non-party's Confidential Material shall be made pending the resolution of such a motion. If no such motion is made within fourteen (14) calendar days after notice to the non-party, then such objections shall be deemed waived and the party in possession or control of the information may produce the non-party's Confidential Material. If the consent of the non-party cannot be obtained, the party in possession of the non-party's Confidential Material will notify the party seeking discovery of:

    a)    The existence of the information without producing such information and;

    b)    The identity of the non-party.

The party seeking discovery may then make further application to the non-party or seek an order from the appropriate Court compelling production of the protected material.

17. **Non-Party Production Under This Protective Order.** Non-parties may provide or otherwise disclose Confidential Material pursuant to the terms of this Protective Order by executing the attached ACKNOWLEDGEMENT. Once a non-party has executed the ACKNOWLEDGEMENT, such non-party shall be entitled to the remedies and relief provided by this Protective Order.

18. **Disposition of Confidential Material After Final Resolution of this Matter.** Unless otherwise agreed to by the parties or by order of the Court, within ninety (90) days of the final resolution of this action and of any and all appeals of this action, all Confidential Material, and all copies thereof, shall be (1) upon request, returned to the party that produced it, or (2) destroyed. However, counsel of record for the parties may continue to maintain for their files a copy of any motion, brief, affidavit, expert report, discovery response, transcript, trial exhibit, and/or memoranda, which contains Confidential Material within the document or as an exhibit thereto. Counsel for the parties shall certify in writing that they have complied with this

paragraph.

19.     **Objections to Discovery Not Covered.**  This Protective Order is not intended to address discovery objections to produce, answer, or respond on the grounds of attorney-client privilege or work product immunity, or to preclude either party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure.

20.     **Survival.**  Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.

21.     **Modification of Protective Order.**  This Protective Order is without prejudice to the right of any party or non-party to seek further protection and/or relief from the Court, upon good cause shown, with respect to any of the provisions hereof.

22.     **Agreement Pending Entry.**  The parties agree to be bound by the terms of this Protective Order pending its entry by the Court.

IT IS SO ORDERED.

This __3__ day of October, 2016.

_____
Robert B. Jones, Jr.
United States Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-00282-FL

| | |
|---|---|
| THOMPSON AUTOMOTIVE LABS, LLC | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ILLINOIS TOOL WORKS INC. | ) |
| | ) |
| Defendant. | ) |

## ACKNOWLEDGEMENT

I, _____, hereby acknowledge that I have read and understand the provisions of the attached Stipulated Protective Order for Protection of Confidential Information ("Protective Order") entered by the Court in the above-captioned matter with respect to the non-disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information and/or documents (the "Confidential Material"), and I agree to abide by and be bound by its terms. I will not reveal the Confidential Material to anyone, except as allowed by the Protective Order. I will maintain all Confidential Material, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than ninety (90) days after the conclusion of this action, I will return the Confidential Material to the counsel who provided me with the Confidential Material. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of

North Carolina for the purpose of enforcing the Protective Order, and this Acknowledgement, by contempt proceedings or other appropriate judicial remedies.

Executed on _____

By: _____