IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:15-CV-282-FL

| | |
|---|---|
| THOMPSON AUTOMOTIVE LABS, INC., | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| ILLINOIS TOOL WORKS INC., | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |

This case comes before the court on the consent motion (D.E. 83) filed by defendant/counter-plaintiff Illinois Tool Works Inc. ("defendant") to maintain under seal certain portions of the memorandum (D.E. 80) filed by plaintiff/counter-defendant Thompson Automotive Labs, Inc. ("plaintiff") in support of its motion to compel (D.E. 79) and redacted portions of Exhibit 7 (D.E. 80-7) and all of Exhibits 9 to 13 (D.E. 80-9 through 80-13) filed in further support of its motion to compel. Defendant filed with its motion to seal redacted versions of the memorandum of law (D.E. 84-1) and Exhibit 7 (D.E. 84-2). No response to the motion to seal has been filed, and the time to do so has expired. For the reasons set forth below, the court will allow the motion to seal.

**DISCUSSION**

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is

extended to only certain judicial records and documents, for example, those filed in connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the unredacted memorandum of law and exhibits sought to be maintained under seal were filed in connection with a motion to compel, and not in support of any motion that seeks dispositive relief. Therefore, the right of access at issue arises under the common law. *See Covington v. Semones*, No. 7:06cv00614, 2007 WL 1170644, at *2 (W.D. Va. 17 April 2007) ("In this instance, as the exhibits at issue were filed in connection with a non-dispositive motion, it is clear there is no First Amendment right of access.").

The presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court. *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The presumption "'can be rebutted if countervailing interests heavily outweigh the public interests in access,' and '[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption.'" *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988)). "Some of the factors to be weighed in the common law balancing test 'include whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records.'" *Id.* (quoting *In re Knight Publ. Co.*, 743 F.2d 231, 235 (4th Cir. 1984)).

Here, defendant seeks the sealing of the aforementioned unredacted memorandum of law and exhibits because they contain confidential and commercially sensitive proprietary business information protected by an amended protective order entered in this case. *See* D.E. 75. The court agrees that the material is of a confidential nature. *See Doe*, 749 F.3d at 269 ("A corporation may

2

possess a strong interest in preserving the confidentiality of its proprietary and trade-secret information, which in turn may justify partial sealing of court records."). It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motion was filed on 13 June 2017. No opposition to the motion has been filed by any non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the unredacted memorandum and exhibits have been redacted to the extent possible to preserve the confidential information contained therein, the court finds that alternatives to sealing the unredacted versions do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that defendant's motion to seal (D.E. 83) is ALLOWED. The Clerk shall retain the filings at Docket Entries 80, 80-7, and 80-9 through 80-13 under seal in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court. The filings at Docket Entries 80-1 through 80-6, 80-8, and 8-14 through 8-16 shall be unsealed.

SO ORDERED, this 21st day of November 2017.

_____
James E. Gates
United States Magistrate Judge