IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-CV-282-FL

| | | |
|---|---|---|
| THOMPSON AUTOMOTIVE LABS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| ILLINOIS TOOL WORKS, INC., | ) ) ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motions to compel (DE 85) and for leave to file a second amended affirmative defenses and counterclaims (DE 101). Plaintiff opposes the motions, both of which have been fully briefed. In this posture the issues raised are ripe for ruling. For the following reasons, defendant's motion to compel is granted and its motion for leave to amend is denied as moot.

## BACKGROUND

On June 24, 2015, plaintiff commenced this action arising from an exclusive supply agreement ("Agreement") relating to plaintiff's automotive diagnostic tool (the "CPT"), and defendant's marketing of a competing product (the "AutoEKG"). Plaintiff asserts claims of breach of contract, trademark infringement, inducement of trademark infringement, false advertisement, and unfair and deceptive trade practices. On August 21, 2015, plaintiff filed an amended complaint, adding a sixth claim requesting the cancellation of U.S. Trademark Registration No. 4,771,676, for AutoEKG. Plaintiff seeks compensatory damages, injunctive relief, disgorgement of profits relating

to false advertising and trademark infringement, attorney fees, pre- and post-judgment interest, statutory damages, trebling of damages, and any other relief the court may deem just and proper. (Id.).

On September 4, 2015, defendant filed answer including 11 affirmative defenses and one counterclaim. (DE 25). Affirmative defenses include failure to state a claim, doctrines of payment, accord and satisfaction, laches, estoppel, and waiver, laches, unclean hands, and statute of limitations. (Id.). Defendant's counterclaim is for breach of contract and alleges "multiple breaches of the Agreement," specifically alleging a breach of the workmanship warranty provision found in the Agreement. (Id. at ¶¶ 17-22).[1] Defendant seeks dismissal with prejudice, judgment in favor of defendant, damages in an amount to be determined, disgorgement, attorneys fees, prejudgment and postjudgment interest, to tax the costs of the action to plaintiff, and any other relief the court deems just and appropriate. (Id.).

On January 15, 2016, defendant filed a motion for leave to file amended affirmative defenses and counterclaims, which the court granted on March 17, 2016. (DE 34, 42, 43). Defendant added, among additional allegations, five new affirmative defenses and six new counterclaims. (DE 43). The additional affirmative defenses include mutual mistake, unilateral mistake, fraudulent inducement due to misrepresentation, fraudulent inducement due to concealment, and negligent misrepresentation. (Id.). The counterclaims are, in addition to a claim for unfair and deceptive trade practices, claims for damages arising from mistake, fraudulent inducement, and negligent misrepresentation. (Id. at ¶¶ 53-108).

On August 30, 2017, defendant filed the instant motion to compel, seeking responses to

---

[1] "Each Product is warranted to be free from defects in material and workmanship under normal use and service." (Agreement (DE 22-12) at 2).

2

interrogatories concerning a software warranty provision found in the parties' Agreement. (DE 85).[2]

Additionally, on October 6, 2017, defendant filed the instant motion for leave to file its second amended affirmative defenses and counterclaims. (DE 101). Defendant seeks to add a claim of breach of the same software warranty provision as is the subject of defendant's motion to compel. (DE 102 at 1; DE 101-1 at ¶¶ 38, 49).

Plaintiff contends that defendant's efforts to assert and seek discovery on this new claim should be denied as irrelevant in that it is outside the scope of claims previously asserted. Defendant has been aware of this claim perhaps as early as September 2015, when defendant filed its original counterclaims, and fact discovery will close December 22, 2017. (DE 89 and 110).

**STATEMENT OF THE FACTS**

The court repeats here with some modification as pertinent to the instant motions the facts as stated in the court's March 16, 2016, order. On February 8, 2010, plaintiff entered into an agreement with Jiffy Lube International ("Jiffy Lube") under which plaintiff was to develop and deliver a prototype software tool, CPT, to analyze a vehicle's relative combustion efficiency to demonstrate the need or value of performing a fuel system cleaning on their vehicles. (Am. Compl. (DE 21) at ¶ 9). During 2010, plaintiff decided to identify and advertise the CPT using a design meant to evoke a medical electrocardiogram (EKG) display. This design was incorporated into promotional materials and a test tool. (Id. at ¶¶ 14, 15).

In July 2011, Jiffy Lube introduced plaintiff to defendant, an automotive product company. (Id. at ¶ 18). Representatives of plaintiff and defendant then met, exchanged emails, and contacted

---

[2] "Seller warrants that software will operate substantially in accordance with its functional specifications for two (2) years and that it has been properly recorded on non-defective media." (Agreement (DE 22-12) at 2).

3

one another regarding the CPT on multiple occasions over the next few months. (Id. at ¶¶ 19-28). This culminated in their Agreement, executed November 7, 2011, which provided that plaintiff would sell the CPT exclusively to defendant, and defendant in turn would purchase a minimum of 100 CPTs per month from plaintiff. (Id. at ¶ 29).

Plaintiff asserts that starting in 2011 and continuing into 2012, defendant began marketing a competing tool (named the "AutoEKG tool") in violation of the Agreement. (Id. at ¶ 75). Defendant marketed the AutoEKG tool using logos and promotional materials that plaintiff describes as similar to those used by plaintiff to promote the CPT. (Id. at ¶¶ 75-87). Additionally, plaintiff asserts that in 2012 defendant wrongfully terminated the parties' Agreement. (Id. at ¶¶ 64-66).

The facts alleged in defendant's current counterclaims may be summarized as follows. During negotiations, plaintiff incorrectly and repeatedly represented that the CPT tool "could accurately and reliably analyze the fuel system of a gasoline-powered automotive engine to determine the engine's need for a fuel system cleaning." (DE 43 at ¶¶ 7, 10-17). Based on these representations, defendant entered into the Agreement with plaintiff. (Id. at ¶ 26). Plaintiff warranted that it would provide CPT units to defendant that would be free from defects in material and workmanship under normal use and service. (Id. at ¶ 38). However, the CPT units provided had substantial issues, and plaintiff failed to correct the issues within the time frame required by the agreement, breaching the agreement. (Id. at ¶¶ 41-43). Defendant then terminated the agreement, and plaintiff acknowledged receipt of the termination. (Id. at ¶ ¶ 45-46).

# COURT'S DISCUSSION

A.  Standard of Review

With respect to the motion to compel, Federal Rule of Civil Procedure 37 provides that when a party fails to respond to discovery, the party seeking discovery can move for an order compelling production. Fed. R. Civ. P. 37(a)(3)(B). When addressing a motion to compel discovery, the trial court holds broad discretion. See LaRouche v. Nat'l Broadcasting Co., Inc., 780 F.2d 1134, 1139 (4th Cir. 1986) ("A motion to compel discovery is addressed to the sound discretion of the district court."); see also Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) ("This Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.").

Concerning the other motion, Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires." This is a "liberal rule" intended to give effect to the "federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). "[I]f the underlying facts or circumstances relied upon by a [party] may be a proper subject for relief, he ought to be afforded an opportunity to test his claims on the merits." Foman v. Davis, 371 U.S. 178, 182 (1962).

"[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber, 438 F.3d at 426 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir.1986)). A district court may be justified in denying a motion to amend if the proposed amended claim "could not withstand a motion to dismiss." Perkins v. United States, 55 F.3d 910, 917 (4th Cir. 1995). "Leave to amend, however, should only be denied on the

5

ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510; see Joyner v. Abbott Labs., 674 F. Supp. 185, 190 (E.D.N.C. 1987).

Federal Rule of Civil Procedure 16(b)(4) states that the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As applicable here, therefore, "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings." Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008).

B. Analysis

    1. Defendant's Counterclaims

A common issue raised determinative to both of the instant motions is whether or not defendant has previously asserted a claim for breach of the software warranty provision in the parties' Agreement. (See DE 110 at 10 (plaintiff arguing that defendant "has not asserted a claim under the Agreement concerning software"); DE 117 at 3 (defendant's "position is simply that the Software Warranty is already at issue in the case)). For the following reasons the court holds that defendant previously and sufficiently alleged a breach of the software warranty provision, and therefore grants defendant's motion to compel and denies defendant's motion for leave to amend as moot.

    a. Motion to Compel

The parties' Agreement states in relevant part that the "Seller warrants that software will operate substantially in accordance with its functional specifications for two (2) years and that it has been properly recorded on non-defective media." (Agreement (DE 22-12) at 2). In defendant's motion to compel, defendant seeks responses to the following interrogatory and request for

6

production ("disputed requests"):

> Interr. No. 25: Identify and describe with specificity the "function specifications" that [plaintiff] warranted the CPT Tool would "operate substantially in accordance with" in Paragraph 6 of the Exclusive Supply Agreement ("Seller warrants that software will operate substantially in accordance with its functional specifications for two (2) years and that it has been properly recorded on [n]on-defective media.") and identify all documents reflecting or discussing the "functional specifications" and all persons with knowledge of same.
>
> RFP No. 104: All documents reflecting, referring, or relating to the "functional specifications" that [plaintiff] warranted the CPT Tool would "operate substantially in accordance with" in Paragraph 6 of the Exclusive Supply Agreement ("Seller warrants that software will operate substantially in accordance with its functional specifications for two (2) years and that it has been properly recorded on [n]ondefective media.").

(DE 86 at 4).

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. "On motion or on its own, the court must limit the frequency or extent of discovery . . . if it determines that . . . the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C). When challenged, as here, "[a] party claiming that a request is important to resolve [certain] issues should be able to explain the ways in which the underlying information bears on the issues as that party understands them." Fed. R. Civ. P. 26, Advisory Committee Notes (2015 amend.).

Relevance in the context of Rule 26 "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). "The court should and ordinarily does interpret 'relevant' very broadly to mean matter that is relevant to

anything that is or may become an issue in the litigation." Id. at 351 n. 12 (quotations omitted).³

In this case, defendant contends that the requested information is relevant in that the information goes to "core issues in this case . . . whether [plaintiff] breached the [Agreement's] warranty provisions, necessarily including the Software Warranty. . ." and rejects plaintiff's argument that defendant has not asserted that plaintiff specifically breached the software warranty provision. (DE 86 at 2, 7). Thus, defendant's motion to compel hinges on whether defendant has sufficiently alleged a breach of the Agreement's warranty provisions in general, including the software warranty provision, or only of the Agreement's workmanship provision.

In defendant's amended affirmative defenses and counterclaims, defendant alleges in relevant part the following:

> 1) "Based on [plaintiff's] statements and representations, including . . . regarding the capabilities of the CPT Tool . . . [defendant] entered into [the Agreement];
>
> 2) "A copy of the [Agreement]] . . . is attached as Exhibit 12 . . . to the Supplemental Complaint";
>
> 3) "In the actions described above, [plaintiff] has violated promises, warranties, covenants, and agreements that it made with [defendant], including without limitation, the promises, warranties, covenants, and agreements contained in the Agreement"; and
>
> 4) [Plaintiff has committed multiple breaches of the Agreement by, at the least . . .[f]ailing to deliver products to [defendant] free from defects in material and workmanship."

---

³ The 2015 amendment to Federal Rule of Civil Procedure 26 changed the language in subsection (b)(1) in several ways described and set forth in the Advisory Committee Notes to the 2015 amendment. For example, the amendment "delete[d] the former provision authorizing the court, for good cause, to order discovery on any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26, Advisory Committee Notes (2015 amend.). While this deletion could be construed as narrowing what qualifies as "relevant," the Advisory Committee Notes suggest otherwise, "given a proper understanding of what is relevant to a claim or defense." Id. As such, the court continues to rely upon case law set forth in the text predating the 2015 amendment to the rule, with respect to the meaning of the term "relevant."

(DE 43 at ¶¶ 26-27, 48-49).

Under Illinois law,[4] to state a claim for breach of express warranty, plaintiffs must allege that 1) the seller made an affirmation of fact or promise; 2) relating to the goods; 3) which was part of the basis for the bargain; and 4) the seller guaranteed that the goods would conform to the affirmation or promise. See 810 Ill. Comp. Stat. Ann. 5/2-313; Mydlach v. DaimlerChrysler Corp., 226 Ill. 2d 307, 320 (2007). Although a party is not required to attach the express warranty to the complaint, such an attachment is sufficient to state a claim for breach of the warranty. Bd. of Educ. of City of Chicago v. A, C & S, Inc., 131 Ill. 2d 428, 460–61(1989) ("To state a claim, the terms of the express warranty must be stated or attached to the complaint . . . and failure to do so renders the claim invalid"); Naiditch v. Shaf Home Builders, Inc., 160 Ill. App. 3d 245, 263 (1987) ("The sufficiency and proof of a cause of action for breach of an express warranty rests entirely upon the language of the warranty.") (citing Moorman v. Manufacturing Co. v. National Tank Co., 91 Ill.2d 69, 92–93 (1982)).

Here, the parties do not dispute whether defendant has sufficiently alleged a breach of warranty claim, only whether that claim as alleged extends to the software warranty provision of the Agreement. Because the Agreement was submitted to the court, including all warranty provisions,[5] and defendant asserted that plaintiff "has violated promises, warranties, covenants, and

---

[4]A federal court sitting in diversity jurisdiction must apply state substantive law. Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., 386 F.3d 581, 599–600 (4th Cir. 2004). In this case, Illinois substantive law applies because of the presence of a choice-of-law clause in the Agreement. (See Agreement (DE 22-12) at 4-5). The court thus applies Illinois law to determine whether defendant has stated a breach of warranty claim.

[5] Plaintiff attached the Agreement to its complaint and amended complaint, and defendant incorporated said attachment into its proposed second amended affirmative defenses and counterclaims. (See Proposed Second Amended Affirmative Defenses and Counterclaims (DE 101-1) at ¶ 27 ("A copy of the Exclusive Supply Agreement . . . is attached as Exhibit 12 . . . to the Supplemental Complaint")).

agreements that it made with [defendant], including without limitation, the promises, warranties, covenants, and agreements contained in the Agreement," defendant has sufficiently alleged a claim of breach of warranty, whether the breach references the workmanship or software warranty provision found in the Agreement. See Bd. of Educ. of City of Chicago, 131 Ill. 2d at 460–61 ("To state a claim, the terms of the express warranty must be stated or attached to the complaint . . . and failure to do so renders the claim invalid"); see also Moorman Mfg. Co., 91 Ill. 2d at 92–93 (holding that because the party had not attached the warranty at issue and had included the language of only one warranty provision, "the sufficiency of the count rests entirely upon that warranty").

Because defendant has sufficiently alleged a claim of breach of the software warranty provision found in the Agreement, defendant's disputed requests are within the scope of discovery. Therefore, defendant's motion to compel is GRANTED. Plaintiff is DIRECTED to provide responses to defendant's disputed requests within thirty (30) days of entry of this order.

        b.        Motion for Leave to Amend

Defendant seeks to clarify in its pleadings that it is alleging a breach of the software warranty provision found in the parties' Agreement, but states this motion is being brought in an abundance of caution in order "to make even more clear what was evident all along, that all of the contract's express warranty provisions are at issue, not merely a single express warranty, as [plaintiff] now suggests." (DE 102 at 1). Because the court has found that defendant has sufficiently alleged a breach of all of the express warranty provisions found in the parties' Agreement, the court denies defendant's motion for leave to amend as MOOT.

Upon review of the parties arguments regarding attorney fees and costs, the court finds both parties expressed reasonable justifications for their arguments. Accordingly, each party will bear

10

its own costs and attorney fees.

## CONCLUSION

Based on the foregoing, defendant's motion to compel (DE 85) is GRANTED and motion for leave to amend (DE 101) is DENIED AS MOOT. Plaintiff is DIRECTED to provide responses to defendant's disputed requests on or before December 22, 2017. Each party will bear its own costs and attorney fees.

SO ORDERED, this the 21st day of November, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge